IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 8, 2006 Session

## R.D.M. v. STATE OF TENNESSEE, DEPARTMENT OF CHILDREN'S SERVICES, IN THE MATTER OF: D.J.M.M., JR., D.O.B. 8/28/2000

**Direct Appeal from the Juvenile Court for Roane County**
**No. 13497     Hon. Thomas A. Austin, Judge**

_____

**No. E2006-00283-COA-R3-JV  - FILED DECEMBER 19, 2006**

_____

Appellant, who was married to the mother at the birth of the child, claims the Trial Court erred in failing to engage in a comparative fitness test in awarding the child to a person who by DNA testing was shown to be the biological father. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Charles D. Buckholts, Nashville, Tennessee, for appellant.

Jennifer E. Raby, Rockwood, Tennessee, attorney *ad litem.*

Paul G. Summers, Attorney General and Reporter, and Juan G. Villasenor, Assistant Attorney General, Nashville, Tennessee, for Department of Children's Services.

**OPINION**

This action originated when the State Department of Children's Services filed a Petition for Temporary Custody of D.J.M.M., Jr., alleging that he was a dependent and neglected child. Subsequently, the guardian ad litem filed a Complaint to Establish Parentage, naming DCS, the Mother, C.M., and R.D.M., along with J.A. The Complaint alleged that the mother, C.M., had acknowledged that J.A. was actually the biological father of the child, and the Complaint asks for genetic testing. R.D.M. objected to the testing, asserting that he was the legal father of the child due to his marriage to the mother. Genetic testing was performed on J.A., showing him to be the biological father of the child, and on October 14, 2005, an Order of Parentage was entered by the

Trial Judge, finding that J.A. was the father of the child, and custody of the child was given to L.A., the paternal grandmother. C.M. was given visitation rights, and J.A. was ordered to pay child support. R.D.M. filed Notice of Appeal.

The issue on appeal is whether the Trial Court should have employed the best interests analysis in finding J.A. to be the father, since there were competing presumptions of paternity?

Appellant asserts that both he and J.A. had rebuttable presumptions of paternity pursuant to Tenn. Code Ann. §36-2-304(a), since he was married to the child's mother at the time the child was born, and since J.A. had the positive DNA test. He argues that pursuant to *Cihlar v. Crawford*, 39 S.W.3d 172 (Tenn. Ct. App. 2000), when two men have competing presumptions of paternity, the court must engage in a best interests analysis to determine who is the legal father. Appellant argues that the holding in *Cihlar* was followed by this Court's decision in *In re TKY*, 2005 Tenn. App. LEXIS 415 (Tenn. Ct. App. 2005), which he asserts is factually on point in this case, but admitted in his brief that permission to appeal had been granted in *TKY*, and that the Supreme Court's decision would likely control the outcome of this case.

The guardian's brief points out that the Supreme Court did issue a decision in *TKY* on August 28, 2006, wherein this Court was reversed. The Supreme Court found that the biological father (as shown by DNA testing) should be adjudged the legal father, and that it was constitutionally impermissible to engage in a balancing test which had the result of stripping a biological parent of his rights. *In re TKY*, 2006 WL 2467060 (Tenn. Aug. 28, 2006). *TKY* is factually on point with the present case, as it involved a married woman who had an affair, and the child who was born during her marriage was found to be the child of her paramour pursuant to DNA testing. Both men sought to be declared the legal father of the child, and this Court found that they had competing presumptions of paternity under Tenn. Code Ann. §36-2-304(a), and engaged in the best interests analysis set forth in *Cihlar*. The Supreme Court reversed that judgment, stating:

> Once the biological father has established his paternity, his constitutionally-protected fundamental right to parent his child vests and he is the legal father. That right may only be stripped pursuant to the statutory parental termination procedures - it may not be forfeited in a balancing test or to another man who may appear to be a more ideal father.

*Id.* at 8.

In this case J.A. has been shown to be the biological father of the child, and his rights cannot be forfeited to the appellant by using the balancing test. Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to R.D.M.

_____
HERSCHEL PICKENS FRANKS, P.J.